CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 29 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| ROBERT THEODORE BARDEAU,  ) | |
| Plaintiff, ) | Civil Action No. 7:08-cv-00486 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| CAPTAIN KEVIN MEADOWS, et. al., ) | By: Hon. Glen E. Conrad |
| Defendants. ) | United States District Judge |

Plaintiff Robert Theodore Bardeau, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Bardeau alleges that while incarcerated at the Danville Adult Detention Center (DADC), officials charged him with a prison disciplinary infraction based on information he voluntarily related to a medical officer during an intake interview about medical matters. As relief, Bardeau seeks compensatory and punitive damages and restoration of lost good conduct time. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted.[1]

Bardeau alleges the following sequence of events from which his claims arise. On July 9, 2008, during a medical screening interview at DADC, the interviewing officer asked Bardeau about drug use. Bardeau "responded positively thinking that information was for medical purposes." He planned to seek treatment for depression and wanted to be sure that medical personnel were aware of all drug use in case he would be prescribed a medication. The interviewer abruptly stopped the screening interview and gave Bardeau a urine drug test, which he stated was positive. About two

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

1

hours later, he charged Bardeau with a jail disciplinary infraction, based in part on Bardeau's interview statement that he had used drugs.

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Bardeau does not specify the manner in which he believes the stated events violated his constitutional rights. Even construing his allegations liberally, however, the court cannot find that they give rise to any claim cognizable under § 1983.

First, to the extent that Bardeau seeks restoration of good conduct credit lost as a result of the disciplinary conviction, his federal remedy is in habeas proceedings. Habeas corpus is the exclusive remedy for a state prisoner who seeks restoration of lost good time. Preiser v. Rodriguez, 411 U.S. 475, 487 (1973). Because Bardeau's demand for restored time "goes directly to the constitutionality of his physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration, he must exhaust state court remedies as required under 28 U.S.C. § 2254(b) before raising the challenge in this court. Id. Because Bardeau offers no indication that he has presented any of his claims in state habeas proceedings as required under § 2254(b), the court will not construe Bardeau's current pleadings as a federal habeas petition. To the extent that Bardeau seeks restoration of good conduct time, the court will dismiss his § 1983 claims without prejudice.

Bardeau also seeks monetary damages based on the interviewer's use of Bardeau's positive response about drug use as evidence in support of the disciplinary conviction. Perhaps Bardeau believes that the interviewer should have warned him that anything he said during the medical

2

screening discussion could be used against him in disciplinary proceedings. In <u>Miranda v. Arizona</u>, the Supreme Court held that the "prosecution may not use statements . . . stemming from a custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination," popularly known the right to remain silent. <u>Miranda v. Arizona</u>, 384 U.S. 436, 444 (1966). Because administrative proceedings such as prison disciplinary proceedings are not tantamount to a criminal charge or trial, prisoners charged with disciplinary infractions do not have the same constitutional procedural protections as does a criminal defendant. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974). An inmate's statements made without any warning of the right to remain silent are admissible in disciplinary proceedings, if the statements are not used to increase the prisoner's criminal sentence. <u>Baxter v. Palmigiano</u>, 425 U.S. 308, 318 (1976); <u>Montgomery v Anderson</u>, 262 F.3d 641, 646 (7th Cir. 2001) ("<u>Miranda</u> warnings . . . [are] irrelevant to prison discipline"). Bardeau alleges that his statements to the medical screener were used to deprive him of earned good conduct time, thus lengthening his term of confinement, but not his criminal sentence itself. Thus, his statements were properly admitted. Moreover, failure to give <u>Miranda</u> warnings is not cognizable under § 1983, as there is no constitutional right to the <u>Miranda</u> warning itself. <u>Thorton v. Buchmann</u>, 392 F.2d 870, 874 (7th Cir.1968); <u>Johnson v. Carroll</u>, 694 F. Supp. 500, 504 (N.D.Ill.1988). The appropriate remedy for a violation of <u>Miranda</u> is the exclusion of evidence, not civil damages under § 1983.

Based on the foregoing, the court finds that Bardeau's allegations fail to state any claim for relief under § 1983 and the action must, therefore, be dismissed, pursuant to § 1915A(b)(1). An appropriate order shall be issued this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the

3

Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 29th day of AUGUST, 2008.

*/s/ Jackson Conrad*
United States District Judge